The next matter, number 23-1857, Fred Lee Charles v. Merrick B. Garland. At this time, would counsel for the Petitioner, Charles, please introduce himself on the record to begin. May it please the Court, Ira L. Golifer, Fred Lee Charles, and Chief Justice Merrick, may I reserve one minute of rebuttal, please? You may. Chief Judge. So, regardless of how many motions to reopen have been in this case, and this is the third, it's important for the Court to realize that the evidence that we are arguing about has never been heard by the immigration judge and, for all intents and purposes, has not been heard by the BIA. Some of that evidence, I think you filed a motion for us to take judicial notice, if I'm not mistaken. That evidence and that notice has never been presented to the agency? This was last year judged for the camp petition. Okay. That's not a part of the petition for review. Okay. But thank you. So, briefly, with the Petitioner's background, as short as I can make it, he came here as a child, legally. Can I just cut to a legal question? Yes. If the Board considered the evidence that's part of your motion to reopen Sua Sponte, are you saying there's a problem that we can address? Or are you saying there's only a problem we can address if we conclude they didn't consider that evidence? If I understand correctly, then my answer is that there needs to be a hearing on this at the BIA, at the lower court. And so the BIA needs to reopen the case so that that can happen, in order for this evidence to be heard. But maybe I'm not understanding the question correctly. You put forward a whole bunch of new evidence asking the BIA to Sua Sponte reopen the case, correct? Yes. And they rejected that? Yes. And now you're asking us to review it? Yes. If the BIA, in our judgment, rejected it after having looked at all that evidence and considered it, is there any jurisdiction for us to review how they considered it? Or is your argument to us the problem is the BIA never considered it? The problem is that, well, in a perfect world, we'd like to have jurisdiction either way. Here I say that, at the very least, the problem is that they didn't consider the evidence, and that's abundantly clear on the record, abundantly clear. If I can just briefly go into why that is so, unless you have other questions on that. Well, you can go through that. Okay. So here, I mean, if you look at the BIA decision, the only time that this third child is even mentioned is in a footnote on the second page. But the child is mentioned, so the BIA or the agency knows the child exists. Knows the child exists and at the same time says, this child is not relevant. And that's not how exceptional and extremely unusual hardship works. Now you just shifted, so I guess I'm just trying to figure out. I understand one version of the argument is we have jurisdiction to review and decide the BIA erred in denying a motion to reopen CIRA-SPONTE if they refuse to even consider the evidence by omission, inadvertence, failure to read the papers, who knows why. But if you can demonstrate they did not consider it, potentially we would have jurisdiction to say, that's legal error, go back and exercise your discretion. That is exactly right. What you just said to help me sounds like what you're saying is, no, I'm not saying that, but they made a legal error in the way they reviewed it. Or what? No, I understand. Because there's a jurisdictional problem with us funding it. I do. I completely understand that. So the legal error is not in whether this child had, you know, X or Y, you know, evidence and that that evidence would be exceptional and extremely unusual hardship. It is that none of that was shown. So when I say that this child only existed in a footnote, it was only to say whether or not the petitioner has two or three children is not relevant to this court. And to say that it's not relevant is to say that one has not, you know, looked at the evidence or considered the evidence in any way. Because, and then getting back to the legal standard of exceptional hardship, and I understand the court's position on jurisdiction, but to show that the BIA had looked at this evidence at all would have entailed some part of that evidence. Regarding the third child, what other evidence or what was in general terms presented to the agency below? Medical records. So this child had, it has a very serious illness that required her to be in the hospital. So that was presented? Yeah. So that was all there. So the agency, even if the agency doesn't mention everything, the agency did have it before and it's mentioned in the footnote. But none of the evidence is mentioned in the footnote. None of the evidence. But it doesn't have to, if it's presented in the record, it doesn't mention the footnote, but it's acknowledging it's considered the child. So it acknowledges that the child exists. That's it. But if you look at whether they- So what you're saying is the agency, as I said, we considered the medical evidence and either we don't give a controlling weight or give a controlling weight, but it didn't do that. That's what you're asking? Correct. In other words, there's no, yes, it didn't give it any weight because it apparently didn't- It ignored it. Right. They ignored it. At least from the record. And this was copious evidence. And if you look at some of the cases that we cited, some of them are precedent and many are not. This case is, well, much more dramatic than probably anything I've ever seen for an exceptional, extremely unusual hardship. And, again, I understand that that's not the standard that the Court is looking at in terms of jurisdiction, but it is what the BIA might have looked at if it had looked at it. And it didn't. Because if it had, I think that we would have at least one sentence showing that they had done so. So suppose you submit everything you want them to look at, time goes by, they then issue something that says, we don't find the submission to provide sufficient evidence to carry the heavy burden to reopen sua sponte, period. Do we have jurisdiction to review that? I believe not. And then here they said, the respondent has not submitted sufficient evidence appropriate of his discretionary fitness for relief to carry the heavy burden of demonstrating that we should reopen his case. Why is that exactly the same? It isn't because we're not there yet. And we may never be. So we're talking about, if I understand again correctly, what would happen next if they were to hear this. Is that correct? No, no. They said, it seems to me they're saying that everything you submitted to them is not sufficient to carry the burden. What they're saying with the first part that you read is that the discretionary fitness was not substantial. Again, this is a balancing test. And they didn't use the balancing test. There's also... Well, if I'm following, the way it goes, first you have to show the unusual extreme hardship. And if you get in that box, they then still have discretion to make a discretionary judgment, correct? Correct. And you're reading this sentence to relate just to that last step, correct? Or what are you reading that sentence to relate to? That is the first part of actually the BIA's opinion. I know it's the first part of the opinion. But where in the legal analysis that they're supposed to perform do you understand that sentence to relate? I had read it to be relating to the last step about discretion. And they were addressing whether his evidence of reform, after all his prior bad criminal acts, was relevant enough. And they're saying, no, you haven't put in enough that would show that that's enough to get over the hurdle. But it didn't say that he didn't put enough. It didn't say that he put any. And, in fact, he had put in quite a lot to show mitigating factors for these adverse considerations that the immigration judge had before. I thought the sentence he just had, I just read to you, wouldn't we read that to just say you haven't met your burden with the showing that you've made about discretionary fitness? That's all right. But it says what it says. So I guess if that's true and that's what the BIA said, what's the problem? Why does it matter about this other category of evidence? Why does it matter because of the exceptional and extremely unusual hardship evidence? They're assuming in making that discretionary determination that even if you've shown the extreme hardship, you're still denying it as a matter of discretion because of your prior bad acts. I understand. But I think that what they're showing is not that because they're not looking at that, at the hardship standard. They're just saying, you know, we think that the adverse factors haven't been met and that's it. That's good enough. We're not dealing with this. And it is supposed to be a balancing set of factors. And even if he hadn't brought in evidence of mitigating his adverse factors, which he did, literally everything that had been a problem for the IJ had changed in those years in between. Even if those were not there, it is still a balancing test. And in hardship that is this extreme, there is that balancing test does need to be, you know, weighed against the discretionary factor and it's not. The footnote shows they didn't review or they ignored the evidence that would have been relevant to the degree of hardship that the person had. That's correct. Thank you. Thank you. Thank you, counsel. At this time, counsel for the respondent, Garland, please introduce himself on the record to begin. Thank you very much. Good morning, Your Honor. Keith McManus on behalf of the respondent, the Attorney General. There's no dispute from the government, Your Honor, that the facts underlying the third motion to reopen as they were presented are indeed sympathetic. And as Mr. Charles himself puts it, he and his family face profoundly challenging circumstances if he is removed. But I'm not standing here asking the court to abandon its humanity and ignore that reality. I'm simply asking the court to remind itself that review is limited. And this case has been through the camp process? It has several times actually, Your Honor. And as I indicated in our brief, the Department of Homeland Security has also declined to exercise prosecutorial discretion several times over. And so here we stand with a third motion to reopen denied by the board, declining to exercise its discretionary authority. And again, as you suggested, Judge Barron, Thompson and this court's case law regarding sua sponte denials show that the court's review is tightly circumscribed. Unless the court can identify a legal error underpinning the board's analysis, it has no basis for second-guessing that discretionary judgment. And if it didn't consider the evidence, that would be legal error, right? Arguably, Your Honor, yes, I think that's right. I do want to draw the court's attention to a very particular language throughout Thompson that talks about the court's limited review. And the error identified there really speaks to whether the board ignored or failed to recognize its own discretionary authority, whether it had established some sort of legal premise or rule that forbade it from exercising its discretion. Here it didn't happen. Exactly, Your Honor. This case looks nothing like that. And let me ask you, regarding legal error, there's the footnote acknowledging the third child. That's the only mention of the third child. Is that, in the government's position, indicative that it did consider everything versus what counsel is arguing that it didn't consider it? Respectfully, Your Honor, that is not the only mention. So in the text of the board's order, this is the second paragraph on the first page, on the basis of the November 2021 birth of his third child in the United States. That is the lead paragraph. So there's sufficient indicia that it did consider the evidence about the third child, even if it's not specifically mentioning and spelling out every detail. That's correct, Your Honor, and let me continue. On the next page, there's the footnote where it mentions the child. On the last page, as this is the situation presently before us, in respect to the most recent child, we decline to reopen our proceedings on our own motion. There is yet another footnote that mentions the birth of the third child. Petitioner's argument is simply that the board didn't say enough to show that it had considered the evidence. What he wants is essentially a duty of articulation for the board to catalog the various evidence that he submitted, but that's simply not the law. As the Seventh Circuit has recognized and as Judge Ciotta suggested, the board is not required to do more than just say denied in a situation like this where we're talking about its unbridled discretion. Here, the board did give reasons for not exercising its discretion favorably, but that does not give rise to a legal error, nor does it invite further scrutiny from the court just because the board didn't say more. Can I just press on that? Suppose the motion to reopen was structured this way. I have two reasons for you to reopen it that show a hardship. The first is I had a third child. Here's why having a third child would require me to have a burden, blah, blah, blah. I'd have to take care of a third child. I only had two before. Second, I have an additional reason, which is the third child has very severe medical difficulties, and here's what it's going to mean for me to have to do that. If the board then writes an opinion, we recognize you had a third child, that's not a good reason, therefore you lose. Does that show they considered the evidence that's relevant to the motion to reopen, or does it show they did not? Is your hypothetical meant to match this case, Your Honor? You tell me. I think the answer to your question is maybe, but that's not what this case is. Help me with the maybe. Why do you think maybe that would be a concerning case? Because that would suggest maybe they didn't focus on the argument that was being made to them and therefore all the evidence that was behind the argument. To be fair, Your Honor, maybe may not be the correct answer. That's implicit in maybe. No, I'm saying it's not the right answer. Because not only do we not like to deal in hypotheticals, deal with the only case before us, but exercising its discretion does not require the board to do that type of analysis in the sense that it has to be explicit about the fact that... What I'm trying to get at is there's a difference between Judge Chiara's hypothetical, which is they're not explicit, they just deny. Sometimes agencies make the mistake of speaking, and when they do, they can say things that, from the perspective of a reviewing court, cause the worry that, well, now that you're telling me what your reasons are, they don't look so good to me. Or they show that you ignored something, or maybe you only focused on the wrong thing. And I think that's the thrust of what your opponent's suggesting here. By mentioning the third child in the way they do, they don't seem to show any indication that they grasp all the other evidence of why the third child would create the unusual hardship. I think the problem with that argument, Your Honor, is that there is no legal basis for requiring the board to do or say more in this context. So what you're suggesting, I think, yes, providing reasons and an analysis makes review of sua sponte denials fraught, at least for the board, because it invites scrutiny into that reasoning. And take Thompson, for example, where the board had a legal reason for not exercising. Exactly. And then we say, well, now that you told us why, that's no good. That's a legal error, so exercise your discretion. We disabuse you of that error. Similarly here, they said, well, the reason is this third child. And then we say, well, but that wasn't what the motion was about. The motion was about all of the hardship that would come from the medical difficulties of the third child, which are never mentioned. So go back, exercise your discretion however you want, having accounted for that fact. But the problem with that, Your Honor, is it couches the analysis or the inquiry in terms of as if it were a timely motion addressing his potential eligibility for relief. It's not. The only question before the board in this context is whether this case truly is exceptional and then warrants sua sponte reopening. I think the question for us is, was there legal error in denying the motion? And the simple argument is there is legal error if the agency ignored evidence that was in the motion. Not didn't give it sufficient weight, but just effectively threw it in the trash and never looked at it. That it couldn't do because then it didn't exercise its discretion. We have to say, no, you have the discretion, exercise it, do it however you want. Unless the government's taking the position they could ignore it. No, absolutely not, Your Honor. You said if. And our position here is that the board did not ignore that evidence. And what, unfortunately, all we're left with is the face of the board decision. Petitioner's argument is you cannot read that decision any other way to say other than it ignored evidence. Our position is no. Clearly the board recognized. And I think I think the thing that gets us over the hump there is the further discussion about after acquired equities. That means that the board recognizes it's not just the birth of the child itself that supports petitioner's request for reopening. It's after acquired equities, many years after being ordered removed. He's now the father of a medically vulnerable child. The board acknowledges that in that paragraph. It says, for better or for worse, we are not in the habit of granting sua sponte reopening in that context. If the board had maybe done more to say, we've looked at the medical evidence. We recognize the very severe condition of the daughter. Would that have been a better decision, easier for the court to review? Sure. But that doesn't give rise to a reversible legal error. Just because the board was not more, excuse me, not more articulate or artful in announcing its discretionary decision. Let me let me mention briefly in the last page of the latest opinion, you mentioned the second footnote. I'm looking at it. It's got a bunch of typos. But I believe the BIA is basically saying they're referring to his provision of care for the child whom he has not disavowed. So the BIA and the agency is aware that he's taking care of the child. Isn't that indicative? I think so, Your Honor. And that footnote is a bit confusing. I'm sorry, is this the first footnote? No, it would be footnote three of the opinion. But it says it notes he's there's like some sort of typo or something. But it does note that his provision of care for the child whom he has not disavowed. Right. Obviously, the agency knows he's taking care of that child. That's correct, Your Honor. And what the agency there is referring back to are the previous motions to reopen and ultimately the original discretionary denial of relief, where petitioner relied on two prior children as his qualifying relatives. But here it's mentioning the third one as well. Correct. It's the one he's really taking care of. And that is the, again, the basis for his third motion to reopen, which is before the court. Is there evidence that the care was inconsistent as to the third child? I think, yeah, absolutely, Your Honor. The basis for the original decision in part as a discretionary denial was that petitioner either didn't directly care for, did not live with, and to some extent had disavowed at least one of the two children. My time has expired. May I continue to answer? Yes. One son who lived in Florida, I believe, at the time, and then another daughter. And the part of the agency's reasoning there was that he was less than supportive of those two children. No, no. The third, just so I understand the sequence of events. Sure. In the motion to reopen Sua Sponte. Okay. Is that the first time the BIA would have learned of the third child? Yes, the third child. And so when they're saying provision of care for the child whom he has not disavowed has been inconsistent, is that speaking of the third child? No. It's speaking of one of the two prior children. Yeah. So there's nothing in that footnote that's suggesting it's talking about the care of the third child. But I think Judge Helvey's point was that they're referring to the third child and juxtaposing his care and treatment of the third child with his inconsistent care of a prior child. You couple that with footnote one, Your Honor. There was confusion about whether he was, again, not even mentioning one of the other prior children, one of the other two children. And that's where that third footnote comes into play. Again, these are all indicative of the fact that the board did acknowledge the after-acquired equities that gave rise to the third motion to reopen based on the child. Okay. Thank you, Your Honor. Thank you, counsel. At this time, counsel, for the petitioner, please reintroduce yourself on the record. I'm going to give you a one-minute rebuttal. I'm Ray Alkali for the petitioner. With the last question about inconsistent care, what I understand is that if the other children were said to be receiving inconsistent care by this petitioner, then the board was assuming that the third child was also receiving inconsistent care? I think that that's what I heard, because that's not what the record shows. That doesn't matter. Well, it does if the... Unless you are saying it would lead to the inference that that can't be what the board was saying. Is that the idea? Well, it's to the inference that the board was not looking at the record. Okay. So aside from not looking at the record... Well, how did they know there was a third child? They know that there's a third child, but there's no mention whatsoever of this. But how? How did the board know there was a third child? They obviously must have read something that says that there's a third child that was in the motion. That something would have to be your submission. It was not the medical evidence. There was a copious, copious amount of medical evidence, including an affidavit from his medical providers. My point is that footnote seems to be saying, because you're relying on the third child, we know you've been inconsistent with the other children. So no matter what you're telling us now about how much there's a need to take care of this child and what you've shown, that would seem to suggest they were saying that we have enough doubt about how you've cared for your children, that in the overall equities, it doesn't change our view we deny the particular motion. That's really troubling, I think, in terms of how to look at that case. And I think that it actually also shows why it's so important to pay attention to the fact that this is actually legal error, because we're all talking about what the BIA might have said. And we've spent a lot of time talking about it. And actually, we know what is true because we have the record in front of us. So do we know? We don't know. And I would argue that that's not enough. There is plenty of case law, actually, citing legal error for the BIA ignoring or misstating evidence. It's in my brief, in my reply brief, Aguiar, failure to follow precedent, et cetera. Thank you. Yes. We have your brief. Thank you. Okay. Thank you. Thank you, counsel. That concludes argument in this case.